Arnold B. Calmann (abc@saiber.com)
Marc E. Wolin (mew@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, NJ 07102
T: (973) 622-3333
F: (973) 622-3349
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; HYDROPONIC MUSIC; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; E.O. SMITH MUSIC; MOEBETOBLAME MUSIC; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; BOY MEETS GIRL MUSIC; | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | |
| 211 WASHINGTON STREET, INC. d/b/a ZEPPELIN HALL RESTAURANT & BIERGARTEN; and LORRAINE MOCCO, individually, | ) ) ) ) ) | *DOCUMENT FILED ELECTRONICALLY* |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Broadcast Music, Inc., Hydroponic Music, MJ Publishing Trust d/b/a Mijac Music, E.O. Smith Music, Moebetoblame Music, Rondor Music International, Inc. d/b/a Irving Music and Boy Meets Girl Music (collectively "Plaintiffs"), by their attorneys Saiber LLC, for their Complaint against Defendants 211 Washington Street, Inc. d/b/a Zeppelin Hall Restaurant & Biergarten and Lorraine Mocco, allege as follows (on knowledge as to Plaintiffs; otherwise on information and

belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants as Defendants are located in this District and the claims herein arose in this District.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

4. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

5. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Hydroponic Music is a partnership owned by Nicholas L. Hexum, Chad Sexton, Timothy J. Mahoney, Douglas Martinez and Aaron Wills. Its principal place of business is 485 Broadway, Floor 3, New York, NY 10013. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music. Its principal

place of business is 8 Music Square West, Nashville, TN 37203.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff E.O. Smith Music is a sole proprietorship owned by Rivers Cuomo.  Its principal place of business is 244025 Park Sorrento, Suite 130, Calabasas, CA 91302.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Moebetoblame Music is a partnership owned by Michael Balzary, John Anthony Frusciante, Anthony Kiedis and Chad Gaylord Smith.  Its principal place of business is 11601 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90025.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music.  Its principal place of business is 2110 Colorado Avenue, Suite 100, Santa Monica, CA 91335.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill.  Its principal place of business is 1801 Century Park East, Suite 1080, Los Angeles, CA 90067.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Defendant 211 Washington Street, Inc. is a corporation organized and existing under the laws of the State of New Jersey, which operates, maintains and controls an establishment known as Zeppelin Hall Restaurant & Biergarten, located at 88 Liberty View Drive, Jersey City, NJ 07302-0000, in this district (the "Establishment").

13. In connection with the operation of the Establishment, Defendant 211 Washington Street, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant 211 Washington Street, Inc. has a direct financial interest in the

Establishment.

15. Defendant Lorraine Mocco is the President of Defendant 211 Washington Street, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

16. Defendant Lorraine Mocco has the right and ability to supervise the activities of Defendant 211 Washington Street, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 16.

18. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration

was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement,

Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Date: February 13, 2015                                         Respectfully submitted,

                                              **SAIBER LLC**
                                              *Attorneys for Plaintiffs*

By: /s Jakob B. Halpern
Arnold B. Calmann (abc@saiber.com)
Marc E. Wolin (mew@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, NJ 07102
T: (973) 622-3333
F: (973) 622-3349
*Attorneys for Plaintiffs*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Under Local Civil Rule 11.2, the undersigned counsel for Plaintiffs hereby certifies that this matter is not the subject of any other action asserted by Plaintiffs herein in any court, or of any pending arbitration or administrative proceeding.

Dated:  February 13, 2015			**SAIBER LLC**
						*Attorneys for Plaintiffs*


						By:  /s Jakob B. Halpern
						    Arnold B. Calmann (abc@saiber.com)
						    Marc E. Wolin (mew@saiber.com)
						    Jakob B. Halpern (jbh@saiber.com)
						    **SAIBER LLC**
						    One Gateway Center, Suite 1000
						    Newark, NJ 07102
						    T: (973) 622-3333
						    F: (973) 622-3349
						    *Attorneys for Plaintiffs*

## **LOCAL CIVIL RULE 201.1 CERTIFICATION**

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiffs hereby certifies that they seek injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated:  February 13, 2015                                **SAIBER LLC**
                                                                *Attorneys for Plaintiffs*

By:  /s Jakob B. Halpern_____
     Arnold B. Calmann (abc@saiber.com)
     Marc E. Wolin (mew@saiber.com)
     Jakob B. Halpern (jbh@saiber.com)
     **SAIBER LLC**
     One Gateway Center, Suite 1000
     Newark, NJ 07102
     T: (973) 622-3333
     F: (973) 622-3349
     *Attorneys for Plaintiffs*